U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

FEB - 3 2015

CLERK, U.S. DISTRICT COURT
By _____
        Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

TORRANCE DAVIS,                    §
                                   §
            Plaintiff,             §
                                   §
VS.                                §   NO. 4:14-CV-957-A
                                   §
METROPOLITAN LLOYDS INSURANCE      §
COMPANY OF TEXAS, ET AL.,          §
                                   §
            Defendants.            §

MEMORANDUM OPINION
and
ORDER

Before the court for decision is the motion of plaintiff,
Torrance Davis, to remand the above-captioned action to state
court. After having considered such motion, the response of
defendant Metropolitan Lloyds Insurance Company of Texas
("Metropolitan"), the notice of removal filed by Metropolitan,
the state court papers that accompanied such notice of removal,
and pertinent legal authorities, the court has concluded that
such motion to remand should be denied and that plaintiff's
purported claims against defendant Nigel Goad ("Goad") should be
dismissed.

I.

Background

This action was initiated by plaintiff by the filing of his
petition in the District Court of Tarrant County, Texas, 236th
Judicial District, on October 27, 2014. The defendants named in

the petition were Metropolitan and Goad.  Basically, it was an action seeking to recover insurance policy benefits from Metropolitan under a physical damage insurance policy issued by Metropolitan to plaintiff related to damage plaintiff claims resulted from a storm hitting his house and other property on October 2, 2014.  Goad was an insurance adjuster who was assigned to investigate, inspect, and report to Metropolitan on the storm damage to plaintiff's property.

Metropolitan removed this action from state court to this court by the filing of a notice of removal on November 26, 2014. Federal court jurisdiction was based on diversity of citizenship, as contemplated by 28 U.S.C. § 1332(a)(1).  Metropolitan pleaded facts establishing complete diversity of citizenship between plaintiff and Metropolitan, and Metropolitan alleged that the citizenship of Goad should be disregarded for diversity jurisdiction purposes because Goad was improperly joined as a non-diverse defendant for the purpose of defeating diversity jurisdiction.

On December 8, 2014, plaintiff filed his motion to remand this action to state court because plaintiff and Goad both are citizens of the State of Texas, thus destroying the requisite diversity for this court to have jurisdiction under 28 U.S.C. § 1332(a)(1).  Metropolitan filed its response in opposition to the

motion to remand, again asserting that Goad was improperly joined
as a defendant for the purpose of defeating federal court
jurisdiction.

II.

Goad Was Improperly Joined for the
Purpose of Defeating Diversity Jurisdiction

Certain attorneys representing insureds/claimants who are
citizens of Texas and who are dissatisfied with the non-citizen
insurer's response to the insured's/claimant's policy demand have
developed a practice of filing suit in state court against the
non-citizen insurer and an insurance adjuster or agent who is a
citizen of Texas with the goal of preventing the insurance
company from exercising its right to have the case removed to and
heard by a federal court.  The instant action is one of those
suits.

A recent experience this court had with the exercise by an
insured/claimant of such a practice is disclosed in the
Memorandum Opinion and Order issued by this court on September
25, 2014, in Case No. 4:14-CV-524-A, styled "Jose Plascencia,
Plaintiff v. State Farm Lloyds and Feliciano Gallegos,
Defendants" (a copy of which is at pages 19-38 of Metropolitan's
appendix in support of its response to the motion to remand).
For the most part, the Plascencia opinion could have been written

3

in response to the motion to remand in this case with changes in names and few other alterations.

Plaintiff seeks to justify the inadequacy of his pleading against the adjuster, Goad, by relying on "Texas's liberal pleading standards," Mot. to Remand at 6-7, ¶¶ 18-19 and 11, ¶ 29, in disregard of the drastic change in the Texas pleading standard brought about by the September 2011 amendment of Section 22.004 of the Texas Government Code and the response of the Texas Supreme Court to that amendment by the adoption in 2013 of Civil Rule 91(a) governing dismissal of baseless causes of action. Metropolitan's Resp., App. at 26-27. As this court explained in Plascencia, the effect of Rule 91(a).1 of the Texas Rules of Civil Procedure is to cause the pleading standard in Texas to be substantially the same as the federal standard, as outlined by the Supreme Court in Bell Atlantic Corp. v. Twombly, 550 U.S. 554 (2007), and Ashcroft v. Iqbal, 556 U.S. 662 (2009). Id. at 26-30.

The allegations of plaintiff's pleading directed specifically against Goad are as follows:

> 11.   Goad was assigned as an individual adjuster on the claim, conducted a substandard investigation and inspection of the property, prepared a report that failed to include all of the damages that he noted during the inspection, and undervalued the damages he observed during the inspection.

12.   Goad's unreasonable investigation led to the underpayment of Plaintiff's claim.

13.   Moreover, Metropolitan and Goad performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's losses on the property.

Id. at 5, ¶¶ 11-13.  Those allegations are mere boilerplate that repeatedly have been used by counsel for plaintiff in the bringing of state court actions of this kind.  Id. at 41, ¶¶ 11-13; Id. at 48, ¶¶ 11-13; Id. at 55, ¶¶ 11-13.

Plaintiff relies in its motion on what it characterizes as summary-judgment-type evidence that it contends proves that plaintiff has a possibility to recover against Goad under Texas law.  Mot. to Remand at 13-14.  The items plaintiff calls summary-judgment-type evidence are attached to the motion to remand as Exhibits 4 and 5.  Neither of those items would qualify as summary judgment evidence.  Neither is supported by an affidavit or declaration, or otherwise authenticated, as would be required for use as summary judgment evidence under Rule 56(c) of the Federal Rules of Civil Procedure.  There is no explanation as to how either of those items constitutes factual evidence that could lead to a finding of liability on the part of Goad to plaintiff.  Instead, if the court were to accept as authentic the Exhibit 4, the court would have evidence that would tend to indicate lack of liability on the part of Goad.  On page 2 of

5

Exhibit 4, which appears to be a letter addressed by MetLife Auto
& Home to plaintiff and another person, saying, among other
things, the following:

> Enclosed is a copy of the estimate on which we
> based our payment.  Please provide a copy of this
> estimate to the contractor of your choice.  If your
> contractor should find this estimate insufficient,
> pleas send us your contractor's detailed estimate for
> our review and approval of any supplement prior to the
> beginning of repairs.

Id., Ex. 4 at 2.  If Exhibit 4 proves anything, it is that the
insurance company did not consider whatever estimate Goad might
have prepared to be determinative of its payment obligation and
that it was open to discussion, and payment, based on an estimate
by a contractor hired by plaintiff.

For essentially the same reasons stated by this court in its
Plascencia Memorandum Opinion and Order, the court has concluded
that plaintiff's pleading fails to state a claim against Goad and
that there is no reasonable basis for the court to predict that
plaintiff might be able to recover from Goad.  Therefore, Goad's
presence as a defendant is to be disregarded in determining
whether complete diversity of citizenship exists.

III.

### Plaintiff's Claims Against Goad Are to be Dismissed

Inasmuch as plaintiff's pleading does not begin to satisfy
the standard of pleading as it now exists in Texas for statement

6

of a claim or cause of action against Goad, the court is ordering

that plaintiff's alleged claims and causes of action against Goad

be dismissed.

IV.

### The Court Does Not Consider the Alternative Holding of Gasch to be Applicable Here

The court has given consideration to the possible

applicability to this action of the alternative holding in <u>Gasch</u>

<u>v. Hartford Accident & Indemnity Co.</u>, which was explained by the

Fifth Circuit as follows:

> Here, a finding that there is no reasonable basis
> for predicting that the Gasches would produce
> sufficient evidence to sustain their claims against
> Frazier would compel dismissal of the suit in its
> entirety.  The evidence demonstrates that Hartford was
> acting through Frazier when it denied the Gasches'
> claim for benefits.  Indeed, as the defendants
> themselves note, "[t]he allegations against Frazier
> were joined with and identical to the allegations
> against Hartford."  As such, the defendants' assertion
> that the Gasches could not produce evidence to support
> their claim against Frazier "is more properly an attack
> on the merits of the claim, rather than an inquiry into
> the propriety of the joinder of the local party."
>
> Regardless of any doubts that we might have about
> the merits of the Gasches' claim against Frazier (or
> their claim against Hartford, for that matter), a
> meritless claim against an in-state defendant is not
> the equivalent of improper joinder.  As a finding that
> the Gasches could not have produced evidence against
> Frazier would apply uniformly to both Hartford and
> Frazier and would require dismissal of the suit in its
> entirety, Frazier "w[as] no more improperly joined than
> the non-resident defendant[]," Hartford.

7

491 F.3d 278, 283-84 (5th Cir. 2007).

    Gasch's alternative holding does not apply here inasmuch as the allegations of plaintiff's pleading as against Metropolitan are broader than plaintiff's allegations against Goad.  For example, plaintiff alleges solely against Metropolitan a breach of contract cause of action and a cause of action for failure to make prompt payment of plaintiff's claim.  Metropolitan's Resp., App. at 5, ¶¶ 15-16.  Moreover, there is no suggestion in the instant action that Metropolitan acted through Goad in any definitive position the insurer took in relation to plaintiff's claim.  From all that appears on the record of this action, Metropolitan made clear that it was the sole decision maker as to the amount to pay on plaintiff's claim, and that any payment decision it ultimately might make would be Metropolitan's decision, not Goad's.

    While plaintiff's pleading as against Metropolitan does not satisfy the pleading standards the court considers to be applicable, the court cannot find at this time that there is no reasonable basis for the court to predict that plaintiff might be able to recover against Metropolitan.  The court plans to allow and direct plaintiff to replead against Metropolitan.

V.

Order

Therefore,

The court ORDERS that plaintiff's motion to remand be, and is hereby, denied.

The court further ORDERS that all claims and causes of action asserted by plaintiff against Goad be, and are hereby, dismissed.

The court determines that there is no just reason for delay in, and hereby directs, entry of final judgment as to such dismissal.

SIGNED February 3, 2015.

_____

JOHN McBRYDE
United States District Judge

9